OPINION
This is an appeal of the eighteen-year prison sentence Juwaun Phifer ("Appellant") received after his convictions on charges of felonious assault and aggravated robbery. Appellant alleges that the trial court did not make the appropriate findings to support consecutive prison sentences and sentences that were longer than the minimum. R.C. §2953.08(D) prohibits review of sentences that were agreed-to by the defendant and the prosecutor. Because Appellant agreed to accept his sentence as part of the plea agreement, the decision of the trial court as to sentencing is affirmed.
On August 11, 2000, Appellant was indicted in the Mahoning County Court of Common Pleas on two counts of felonious assault and sixteen counts of aggravated robbery, all with firearm specifications, arising from incidents occurring on July 5, 2000. This was designated as Case No. 00 CR 718. On November 9, 2000, Appellant was indicted on eight more counts of aggravated robbery, all with firearm specifications, arising from events occurring on June 30, 2000. This was designated as Case No. 00 CR 1014.
On December 8, 2000, Appellant entered into a Crim.R. 11 plea agreement covering both indictments. In Case No. 00 CR 718 Appellant pleaded guilty to two counts of felonious assault in violation of R.C. §2903.11(A)(2), a second degree felony, with a gun specification pursuant to R.C. § 2941.145. He also pleaded guilty to seven counts of aggravated robbery, in violation of R.C. § 2911.01(A)(1), a first degree felony. In Case No. 00 CR 1014 Appellant pleaded guilty to an additional count of aggravated robbery. All remaining charges and specifications were dropped.
The sentencing hearing was held on February 8, 2001. In Case No. 00 CR 718, the court sentenced Appellant to eight years in prison for each of the felonious assault charges, to be served concurrently; one three-year prison term for the firearm specification, to be served consecutively; and five years in prison for each of the aggravated robbery counts, to be served concurrently with each other, but consecutive to the previously mentioned sentences. In Case No. 00 CR 1014, the court sentenced Appellant to seven years in prison on the one count of aggravated robbery, to be served consecutively to the sentences in Case No. 718. Appellant received a total sentence of twenty-three years in prison.
On February 21, 2001, the trial court held a hearing to reconsider the sentencing. The reconsideration was in response to information that Appellant and the prosecutor had agreed to an eighteen-year total sentence. (2/21/01 Tr. 2; 12/8/00 Tr. 7-8, 21). Based on this, the court modified the sentence, which is reflected in the February 22, 2001, Judgment Entry of Sentence. Appellant was sentenced to eight years in prison on each of the felonious assault charges, to be served concurrently; three years on the gun specification to be served consecutively; eight years on each of the seven counts of aggravated robbery in Case No. 00 CR 718, to be served concurrently with each other and with the other sentences imposed; and seven years on the aggravated robbery count in Case No. 00 CR 1014, to be served consecutively to the other sentences. Appellant was then sentenced to a total of eighteen years in prison.
Appellant filed this timely appeal on March 14, 2001.
Appellant presents two assignments of error which both deal with whether the trial court followed the statutory sentencing guidelines. They will be treated together because of the common subject matter.
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN IMPOSING PRISON SENTENCES OTHER THAN THE MINIMUM SENTENCES UNDER OHIO REVISED CODE SECTION 2929.14(B).
 "THE AGGREGATE PRISON SENTENCE IMPOSED BY THE TRIAL COURT CONTAINING CONSECUTIVE SENTENCES WAS CONTRARY TO LAW AND AN ABUSE OF DISCRETION."
Appellant's first argument is that a trial court is limited to imposing the minimum sentence on a felony offender who has not previously served a prison term unless certain findings are made as set forth in R.C. §2929.14.
Appellant's second argument is that, pursuant to R.C. §2929.19(B)(2), a trial court must make certain findings and provide reasons for those findings when imposing consecutive sentences.
Whether or not the trial court committed a sentencing error, the error in this case cannot be reversible pursuant to R.C. § 2953.08(D), which states:
"A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
See State v. Palmer, 7th Dist. No. 99 CA 6, 2001-Ohio-3445. A sentence is "authorized by law" under R.C. § 2953.08(D) as long as it does not exceed the maximum prison term prescribed by statute for the offense.State v. Stallard (Aug. 17, 2001), Huron App. No. H-03-013. It is abundantly clear from the record that the sentence imposed by the trial court was the same sentence agreed to by Appellant in his Crim.R. 11 plea agreement and was within the statutory limits for the felonies which Appellant committed. Therefore, we overrule both of Appellant's assignments of error and affirm the decision of the trial court.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.